## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ZACHARY ST. PETER,**                     Case No.:

      *Plaintiff,*

**v.**

**GEORGETOWN UNIVERSITY**
**SCHOOL OF MEDICINE**
**by and through the Board of Trustees**
**(in their official and individual capacities);**
**DR. PRINCY N. KUMAR, in her official**
**and individual capacity, DR. MARY**
**FURLONG in her official and individual**
**capacity,**

      *Defendants.*

---

## COMPLAINT AND JURY DEMAND

### I.  BACKGROUND

1.     This is an action arising from Plaintiff's wrongful dismissal from Georgetown University School of Medicine. Plaintiff is seeking damages for Defendants' violation of Title IX, 42 U.S.C. §1983, breach of contract, negligence, and negligent infliction of emotional distress.

### II.    PARTIES

2.     Plaintiff Zachary St. Peter ("Plaintiff") is a resident of Arizona and formerly a student of the Georgetown University School of Medicine.

3.    Defendant Georgetown University School of Medicine ("GUSOM") is a University located in Washington, D.C. GUSOM has received federal funding at all times relevant to this litigation.

4.    Defendant Mary Furlong ("Furlong") was the Senior Associate Dean for Curriculum of Georgetown. Defendant Furlong was at all times relevant to this case an employee or agent of Defendant Georgetown University.

5.    Defendant Princy N. Kumar ("Kumar") is the Senior Associate Dean for Students. Defendant Kumar was at all times relevant to this case an employee or agent of Defendant Georgetown University.

### III.    JURISDICTION & VENUE

6.    This action arises under the law of the United States. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. §1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

7.    This action arises under the following federal statutes: Title IX of The Education Act Amendments of 1972. Pub.L. No. 92-318, 86 Stat. 373 (1972), 20 U.S.C. §§ 1681 et seq., which prohibits discrimination based on sex in educational institutions receiving federal funding.

8.     Additionally, this court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between the parties and the amount of controversy exceeds $75,000.

9.     Defendant GUSOM conducts business within Washington, D.C.

10.    The other Defendants on the grounds that they were employees of GUSOM at all times relevant to this action and personally violated certain rights and policies, the effects of which were felt in the Washington, D.C.

11.    Venue in this action is proper in the District Court because the events relevant to this action occurred primarily within the geographical confines of the District of Columbia. GUSOM is located and conducts business in the District of Columbia.

## IV.    FACTUAL ALLEGATIONS

12.     Plaintiff initially enrolled in the Defendant GUSOM in August of 2016.

13.    On July 17, 2020, the Committee on Students dismissed Plaintiff from the Georgetown University School of Medicine.

14.     By that time, Plaintiff had incurred over $250,000 in student loan debt.

15.     As a graduate Medical Doctor, Plaintiff would have been likely to earn $ 220,000 a year, which is approximately the median income in a hospital setting.

16.    Plaintiff would have been likely to begin to earn such annual income, had he been allowed to continue his rotational internships as a student and obtain his doctorate as he anticipated in May 2023.

17.    By August 2017, Plaintiff successfully completed the coursework for a first-year medical student ("M1") and was enrolled in classes as a second-year medical student ("M2").

18.    GUSOM Student Handbook states, "Unless permitted by the Committee on Students, medical students cannot repeat for credit a course in which they earned a grade of "S" or better.

19.    Plaintiff suffers from the medical condition or disability of Major Depressive Disorder ("MDD").

20.    Plaintiff reported his MDD to GUSOM, at least some persons at GU were aware of his condition.

21.    While a disability within the meaning of the Americans with Disability Act and the Rehabilitation Act, his condition does not interfere with his ability to successfully complete the School of Medicine program or to be employed after graduation as a Medical Doctor.

22.    After the first semester of Plaintiff's M2 year, Plaintiff requested his first medical leave of absence ("MLOA") on December 22, 2017.

23.    After requesting his first MLOA, Plaintiff communicated with Defendant Kumar.

24.    Upon receiving clearance from the Counseling and Psychological Services office ("CAPS") at Georgetown University, Plaintiff was granted his initial MLOA.

25.    At the time Plaintiff requested his first MLOA, Plaintiff had passed all required M1 classes and was not at risk of failing any M2 classes.

26.    Plaintiff left the Georgetown University School of Medicine believing that upon matriculating in the Fall of 2018 he would be entering as a second-year medical student("M2").

27.    Defendant Kumar informed Plaintiff on January 4, 2018, that Plaintiff would need to re-complete his first year of medical school a second time due to unspecified changes in the GUSOM curriculum.

28.    Defendant Kumar informed Plaintiff that although he passed all his first-year courses in 2016, none of the previous course credit could be applied to his Medical Degree.

29.    Defendant Kumar did not make Plaintiff aware of any administrative process to appeal the condition that Plaintiff repeat his entire M1 year as a required following his MLOA during his M2 year.

30.     Defendant Kumar led Plaintiff to believe that no exceptions could be made to allow Plaintiff to re-enter GUSOM as an M2.

31.     Although Plaintiff was alarmed that he would have to invest another year's worth of tuition toward completing his medical education, he was excited to enter medical school after receiving treatment for MDD.

32.     GUSOM requires that all medical students graduate from the School of Medicine within 7 years of their date of matriculation.

33.     Plaintiff re-entered GUSOM as an M1 in August of 2018 and was enrolled in all of the required M1 classes, which he had previously passed.

34.     Although Plaintiff's re-entered GUSOM as an M1 in August 2018 date of matriculation remained August 2016 and was not adjusted or extended due to his MLOA.

35.     In August 2018, despite previous representations that no credit could be received for Plaintiff's prior work as an M1 student, Defendant Kumar exempted Plaintiff from two M1 courses.

36.     Plaintiff observed that the M1 classes he attended, which he was required to repeat due to alleged curriculum changes, were taught using the same methods and course materials he experienced during his first year of medical school in 2016.

37.    In February 2019, Plaintiff reported to members of the GUSOM administration that the classes he was being forced to retake were observed to be entirely identical to the classes he had previously passed and asked for an exemption.

38.    Plaintiff was mocked by faculty who openly made jokes at Plaintiff's expense about Plaintiff repeating a year of medical school in front of other M1 students during class periods.

39.    Plaintiff was actively discouraged from participating in lab classes by his fellow students.

40.    On March 16, 2019, Plaintiff was injured in a pedestrian accident.

41.    As a result of the accident, Plaintiff sustained multiple injuries, including a concussion and a broken clavicle which required hospitalization, surgery and a lengthy recovery period.

42.    In April of 2019, due to the impact Plaintiff's physical injuries had on his coursework, Plaintiff requested a second MLOA and was approved.

43.    In April of 2019, Plaintiff withdrew from all of his courses and commenced his second MLOA.

44.    In June of 2019, although Plaintiff's request for an MLOA was due to physical injuries, he was required to meet with the Committee on Students ("COS"), a panel which consisted of multiple faculty members, administrators and students for readmission to the GU School of Medicine.

45.    Prior to Plaintiff's meeting with the COS, Defendant Kumar "Coached" Plaintiff on what to say during his meeting with the COS.

46.    Defendant Kumar advised Plaintiff not to discuss either his mental health or his observation that the M1 courses he was forced to retake were entirely identical to the M1 courses he had passed in 2016-2017 prior to his first MLOA.

47.    In June 2019, Plaintiff was readmitted to the medical program, class of 2023, but was required to again repeat his M1 year with no credit given for any prior coursework.

48.    In August 2019, Plaintiff began his first year of medical school for a third time.

49.    Plaintiff's graduation deadline was not extended to account for his first or second MLOA, nor was his date of matriculation updated to reflect the date he started his second attempt at his first year, August 6, 2018, or the date of his second restart of the entire curriculum, August 5, 2019.

50.    Between the years 2018 and 2020, during non-business hours, Defendant Kumar regularly sent Plaintiff unsolicited and unwanted personal communications in the form of texts, phone calls, and emails, each of which gave Plaintiff a great deal of discomfort and anxiety.

51.    Between the years 2018 and 2020, Defendant Kumar insistently requested Plaintiff accompany her to lunches, dinners, and social events on a regular basis with no regard for Plaintiff's study schedule or schoolwork.

52.    Between the years 2018 and 2020, Defendant Kumar attempted to provide Plaintiff with unsolicited and unwanted financial assistance from her personal accounts.

53.    Between the years 2018 and 2020, Defendant Kumar repeatedly invited Plaintiff to spend nights at her home on weekends, though no other students were invited to stay at her home.

54.    Between the years 2018 and 2020, Defendant Kumar repeatedly insisted that Plaintiff could re-pay Defendant Kumar for her kindness and assistance by doing late-night research for her in her lab, interfering with Plaintiff's studies.

55.    Plaintiff grew increasingly uncomfortable and anxious due to an authority figure attempting to violate professional boundaries.

56.    Because Defendant Kumar's held influence over the future of Plaintiff's medical education, Plaintiff feared reporting Defendant Kumar's offensive conduct.

57.    Defendant Kumar, with actual knowledge of the policies and procedures of GUSOM and knowledge of the handling of students in her care at GUSOM failed to correct the wrongdoings she inflicted on Plaintiff.

58.    In March of 2020, due to the COVID-19 Pandemic, all GUSOM medical students were forced to continue their medical education remotely.

59.    On June 22, 2020 the COS met with Plaintiff to review his academic record.

60.    On July 17, 2020, Plaintiff was dismissed from GUSOM.

61.    In the letter of Dismissal, dated July 17, 2020, Plaintiff was informed that "In order to comply with the school's 7-year requirement for completion of the M.D. degree program as outlined by the GUSOM Student Handbook, you must graduate no later than seven years from your matriculation date of August 2016. Hence, your deadline to graduate is May 2023."

62.    In the letter of dismissal dated, dated July 17, 2020, Plaintiff was informed that his dismissal could be appealed on the basis of "1) material error in process, 2) new information not previously heard by the COS, or 3) exceptional circumstances."

63.    On June 22, 2020, Plaintiff informed COS regarding appealable information related to his dismissal.

64.    After the dismissal, Plaintiff through counsel sought to contact GUSOM. No correspondence has been returned.

**Respondeat Superior and Agency**

65.    Under Federal law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

66.    At all times relevant to this action, all individual Defendants were employed by GUSOM. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with GUSOM.

67.    At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### SECTION 504 OF THE REHABILITATION ACT

68.    Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

69.    As set forth in Section 504 of the Rehabilitation Act, no otherwise qualified individual with a disability shall, solely by reason of his disability, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program of activity receiving federal assistance.

70.     GUSOM receives federal funds and is subject to Title II of the Americans with Disabilities Act.

71.     Title II of the Americans with Disability Act, 29 U.S.C. § 12132, which is co-extensive with the anti-discrimination provision of Section 504 of the Rehabilitation Act state that no qualified individual with a disability, shall solely by reason of disability, be excluded from participation in any program of state or local government.

72.     Plaintiff suffers from a disability as that term is defined under Section 504 of the Rehabilitation Act and Title II of the ADA, in that he has MDD.

73.     Plaintiff is a disabled individual and has been diagnosed with MDD.

74.     However, he is in no way unable to do the course work of the GUSOM.

75.     As set forth above, the Defendant GUSOM forced Plaintiff to repeat his first year of medical school three times, despite successfully completing all first year courses in 2016-2017, solely because of his disability – specifically, due to Plaintiff's MDD.

76.     By forcing Plaintiff to repeat his M1 year each time he applied for an MLOA, but not adjusting his date of matriculation or giving an extension in

consideration of the MLOA, defendant GUSOM and its administration and faculty set him up and achieved his ultimate dismissal from the School of Medicine.

77.    By compelling Defendant to appear in front of the COS, a body made up of Medical School Professors, Administrators and Medical Students, requiring him to retake the M1 courses he had already passed, Defendant GUSOM set Plaintiff up in a hostile environment with instructors who were aware of his disability making him likely to fail.

78.    At the time of his dismissal, had incurred over $250,000 in student debt.

79.    He was qualified to participate in the academic programs of GUSOM, including the School of Medicine.

80.    Plaintiff was dismissed from GUSOM solely because of his disability, in violation of Section 504 of the Rehabilitation Act and Title II of the ADA, and, but for his disclosure of that disability, and the arduous additional requirements placed upon him as a result of asking for accommodations, he would have graduated from the School of Medicine and would now be working as a licensed Medical Doctor today.

81.    He has been treated by GUSOM in a malicious manner.

82.    Plaintiff is now paying interest on his debt of over $250,000 because he is no longer a student.

83.    Plaintiff has now lost the income he would have received as a Doctor of Pharmacy at the rate of $220,000 a year had he been allowed to continue in his coursework and graduate as anticipated in May of 2021.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Order defendant to recognize Plaintiff's successful completion of his M1 year in 2016-17 which Plaintiff was forced to repeat solely because of his disability.

(c)    Enjoin defendant GUSOM from any further acts of discrimination in violation of Section 504 of the Rehabilitation Act.

(d)    Grant Plaintiff compensatory damages from GUSOM under Section 504 of the Rehabilitation, including but not limited to damages for lost income that he would have had as a pharmacist and other consequential and foreseeable damages.

(e)    Grant Plaintiff compensatory damages from GUSOM for the yearly tuitions for Plaintiff wrongfully being required to retake a year of the program.

(f)    Enter judgment against Defendants and in favor of Plaintiff for all costs

sustained in connection with the prosecution of this action, including

attorneys' fees; and

(g)    Grant such other and further relief as justice requires.

## SECOND CAUSE OF ACTION
### 42 U.S.C. §1983
### (Defendant GU)

84.    Plaintiff incorporates by reference the facts alleged in each and every

allegation set forth in the preceding paragraphs of this Complaint as if fully set out

herein.

85.    In violation of §1983, defendant GUSOM has deprived Plaintiff of his

rights to equal protection and due process under the Fourteenth Amendment in that

defendant willfully treated Plaintiff in a disparate manner because he has a type of

disability that stigmatizes Plaintiff and others like him in and educational setting in

the judgment of defendant GUSOM and its administrators and faculty.

86.    By stigmatizing Plaintiff and those like him with this condition, in

violation of §1983 the defendant GUSOM deprived him of his right to equal

protection of the laws without any substantial or justified basis treating him in this

disparate manner.

87.    In further violation of §1983 defendant GUSOM also denied him of

the right to due process before deprivation of his contractual right as a student of

GUSOM with over $250,000 invested in his education and denied him even the due process of the hearing and appeals procedures set out in the School of Medicine Student Handbook.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, removal of Plaintiff's failing grades from his official transcript, as well as readmitting Plaintiff to GUSOM to finish his medical education;

(b)    Grant such other and further relief as justice requires.

### THIRD CAUSE OF ACTION
### 42 U.S.C. §1983

88.    Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

89.    Plaintiff had a constitutionally protected and clearly established property interest in his continued education at GUSOM after entering into a contract with GUSOM.

90.    Plaintiff and Defendant GUSOM entered into a contract by which GUSOM offered admission to Plaintiff to earn his medical degree in exchange for Plaintiff's paid tuition.

91.    Plaintiff accepted Defendant's offer and attended GUSOM as a student.

92.    There was a mutual exchange of consideration for which Plaintiff attended GUSOM involving payments and expenditure of time as well as GUSOM making its service including educational opportunities available to Plaintiff.

93.    Plaintiff had a constitutionally protected and clearly established liberty interest. "The Due Process Clause… forbids arbitrary deprivations of liberty. Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, the minimal requirements of the Clause must be satisfied." *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (internal citation and quotations omitted). The dismissal from GU was detrimental to Plaintiff's good name and reputation for his future academic and professional career.

94.    In violation of §1983, defendant GUSOM has deprived Plaintiff of his rights to equal protection and due process under the Fourteenth Amendment in that defendant willfully treated Plaintiff in a disparate manner because he has a type of disability that stigmatizes Plaintiff and others like him in and educational setting in the judgment of defendant GUSOM and its administrators and faculty.

95.    By stigmatizing Plaintiff and those like him with this condition, in violation of §1983 the defendant GUSOM deprived him of his right to equal protection of the laws without any substantial or justified basis treating him in this disparate manner.

96.    In further violation of §1983 Defendant GUSOM also denied him of the right to due process before deprivation of his contractual right as a student of GUSOM, with over $300,000 invested in his education, and denied him even the due process of the hearing procedure set out in the GU School of Medicine Student Handbook.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to GUSOM to finish his degree;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs

sustained in connection with the prosecution of this action, including

attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

**FOURTH CAUSE OF ACTION**
**Breach of Contract**

97.     Plaintiff incorporates by reference the facts alleged in each and every

allegation set forth in the preceding paragraphs of this Complaint as if fully set out

herein.

98.     Plaintiff and Defendant GUSOM entered into a contract by which

GUSOM offered admission to Plaintiff on specific terms.

99.     Plaintiff accepted Defendant's offer and attended GUSOM as a student.

100.    There was a mutual exchange of consideration for which Plaintiff

attended GUSOM involving payments and expenditure of time as well as GUSOM

making its services including educational opportunities available to Plaintiff.

101.    Defendant GUSOM breached their policy and procedures when it failed

to provide Plaintiff with due process.

102.    Defendant GUSOM breached their policy and procedures when they

forced Plaintiff to repeat his M1 year after he had received a passing grade in all of

his first year courses, and did not adjust his date of matriculation.

103.    As a direct and proximate result of Defendant GUSOM's actions, Plaintiff was dismissed from GUSOM and has sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to GUSOM to finish his degree;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## FIFTH CAUSE OF ACTION
### Negligence

104.    Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

105.    Defendants GUSOM were negligent in performing their duty of reasonable care and failed, neglected and/or refused to discharge their duty properly and fully by, among other things, Failure to follow policy and procedure in dismissal procedure.

106.    Defendant GUSOM was negligent in performing its duty of reasonable care and failed, neglected and/or refused to discharge its duty properly and fully by, among other things:

      a) Failing to ensure that Plaintiff's contractual educational services were being provided as per the terms of the contract;

      b) Failing to assist Plaintiff after being informed of the individual Defendant's negligence.

107.    By their negligent conduct, Defendants directly and proximately caused Plaintiff financial harm. Plaintiff is confronted with an inability to complete his education, practice in his chosen profession, obtain the income of a medical doctor and to pay his mounting student loan debts. Plaintiff has suffered direct and financial losses due to Defendants' conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to GUSOM to finish his medical degree;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

108.    Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

109.    Defendants' actions caused Plaintiff emotional distress, worrying about his future academic, professional career and financial future.

110.    Defendants should have known their actions would be injurious to Plaintiff.

111.    Defendants' actions violated GUSOM's policies and procedures.

112.    Defendants' actions proximately caused Plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as readmitting Plaintiff to GUSOM to finish his degree;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Date: July 14, 2023                    Respectfully Submitted,

                                       /s/ *Eric Menhart*
                                       Eric Menhart, Esq.
                                       (Bar ID: 975896)
                                       LEXERO LAW
                                       512 C. St. NE
                                       Washington, DC 20002
                                       Tel: (855) 453-9376
                                       Email: Eric.Menhart@Lexero.com


                                       Keith Altman, Esq.
                                       (*admission to be applied for*)
                                       THE LAW OFFICE OF KEITH ALTMAN
                                       33228 West 12 Mile Road, Suite 375
                                       Farmington Hills, Michigan 48334
                                       Tel: (248) 987-8929
                                       keithaltman@kaltmanlaw.com


                                       *Attorneys for Plaintiff*